IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE DYNOTT,

      Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,
and MCCALLA RAYMER, LLC,

      Defendants.

1:13-cv-1474-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [16] recommending that Defendants' Motions to Dismiss [3, 9] be granted in part and denied in part.

## I.   BACKGROUND[1]

On April 1, 2013, Plaintiff George Dynott ("Plaintiff"), proceeding *pro se*, filed his Complaint [1.1] in the Superior Court of Cobb County. On May 1, 2013, Nationstar Mortgage, LLC ("Nationstar") removed the action to this Court with the consent of McCalla Raymer, LLC ("McCalla") (together, "Defendants").

---

[1] The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff alleges that on August 31, 1999, he entered into an FHA loan agreement with Home Banc Mortgage Corporation.  After Home Banc Mortgage Corporation became insolvent on or about August 21, 2007, EMC Mortgage Corporation was awarded certain servicing rights under an Asset Purchase Agreement.  Notwithstanding the Asset Purchase Agreement, Metlife Home Loans began servicing Plaintiff's loan on an unspecified date.  Plaintiff alleges that he then received foreclosure notices from McCalla dated February 22, 2013.  Plaintiff also alleges that Nationstar acquired the mortgage servicing rights from Metlife Bank, N.A.

Plaintiff asserts claims arising under both federal and state law.  The Magistrate Judge determined that Plaintiff's Complaint asserted two claims under federal statutes.  In Count Four of his "Damage Claims," Plaintiff asserts a claim "for damages under FDCPA statute violation for actual damages $1,000.00 per defendant, compensatory and punitive.  MCCALLA failed to provide a clear and concise information with respect to the validation of the debt when called upon." (Compl. at 15).  Plaintiff further asserts, in Count Five, a claim "for damages under RESPA statute violation for actual damages of $1,000.00 for failure to provide, compensatory and punitive.  Nationstar failed to provide a bona fide servicing notice with no evidence of an agreement to service Mr. Dynott's loan."  (Id.).

2

The remainder of Plaintiff's claims arise under Georgia law.  Plaintiff asserts claims (1) for "breach of duty and breach of negligence per se due to legal duties under the FHA Contract," (2) "under Georgia Statutes for attempted Wrongful foreclosure by both Defendants," and (3) for "libel damages and restoration of his name."  (Id.).  He seeks to recover "punitive and compensatory damages and negligence attributable to actions by Defendants under O.C.G.A. § 44-14-160 through §§ 162.4," "a set aside of any foreclosure sale . . . [and] appropriate damages to unwind such sale," and other damages "deemed appropriate by the court at trial."  (Id.).

On May 8, 2013, Nationstar and McCalla filed their Motions to Dismiss for Failure to State a Claim [3, 9].  On December 18, 2013, Magistrate Judge Anand issued his R&R recommending that the motions be granted in part and denied in part.  The Magistrate Judge recommends that Plaintiff's claims under federal law be dismissed, and that Plaintiff's claims under state law be remanded to the Superior Court of Cobb County.  The parties do not object to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Because no objections were asserted, the Court reviews the R&R for plain error.

   B.   Analysis

      1.   *Plaintiff's FDCPA and RESPA Claims*

The Magistrate Judge determined that Plaintiff's *pro se* Complaint, construed liberally, attempts to assert claims against both Nationstar and McCalla under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq., and under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2600 et seq.[2]  The Magistrate Judge concluded that Plaintiff filed a shotgun

---

[2] Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

4

pleading in respect to his FDCPA and RESPA claims, including because he does not allege sufficiently specific actions that Defendants took to violate the statutes. Plaintiff offers an Indiana Court of Appeals case to support his claim, but fails to explain how it is relevant to his case.  The Magistrate Judge recommended that Plaintiff's claims under the FDCPA and RESPA be dismissed because his Complaint is a shotgun pleading.  The Court does not find any plain error in these findings, conclusions, or recommendations.  See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) (explaining that shotgun pleadings are "roundly, repeatedly, and consistently condemn[ed]" in the Eleventh Circuit); Strategic Income Fund, LLC v. Spear, Leeds, & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").  Plaintiff's shotgun pleading in respect to his FDCPA and RESPA claims is required to be dismissed.

      The Magistrate Judge further concluded that even if it were not a shotgun pleading, Plaintiff's Complaint fails to state a claim for relief under the FDCPA or RESPA.  The Magistrate Judge recommended that Plaintiff's FDCPA claim

against Nationstar[3] be dismissed because the FDCPA applies only to statutorily defined "debt collectors," and Plaintiff does not allege sufficient facts that Nationstar qualifies as a "debt collector" or engaged in any activities other than as servicer of Plaintiff's loan.  The Court finds no plain error in these findings or recommendations.  See Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1375 (N.D. Ga. 2012) (explaining that 15 U.S.C. § 1692a(6)(f) has been interpreted to mean that "mortgage servicers are not covered by the FDCPA if they began servicing the loan at a time when it was not in default.").  Plaintiff's FDCPA claim against Nationstar is required to be dismissed.

The Magistrate Judge concluded that McCalla did act as a "debt collector" under the FDCPA, but that Plaintiff failed to establish that McCalla engaged in activity that violated the statute.  Plaintiff alleges that McCalla violated the FDCPA by failing to respond to his request to validate the debt.  Plaintiff's validation notices, however, were inadequate, and even if they were adequate, Plaintiff fails to allege that McCalla continued the debt collection activities after receiving the alleged debt verification request.  Plaintiff further alleged that McCalla violated the FDCPA by sending him "intentionally confusing and

---

[3] Although Plaintiff's FDCPA claim does not specifically mention Nationstar, it does request "damages of $1,000.00 per defendant."  The Magistrate Judge interpreted Plaintiff's claims liberally and assumed that Plaintiff asserted his FDCPA claim against both Nationstar and McCalla.

deceptive" letters and "failed to provide the complete information about the Secured Creditor which includes their address, telephone number." The Magistrate Judge concluded that, under the "least-sophisticated consumer" standard, McCalla's failure to include the address and telephone number of the secured creditor does not violate the FDCPA, and Plaintiff fails to explain any other way in which the letters were either confusing or deceptive. The Court finds no plain error in these findings or recommendations. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010) (citing Colman v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)) (The "least-sophisticated consumer" standard presumes a person "to possess a rudimentary amount of information about the world and a willingness to read a collector's notice with some care."). Plaintiff's FDCPA claim against McCalla is required to be dismissed.

The Magistrate Judge concluded that Plaintiff alleged a RESPA claim against Nationstar for failure to notify him when it became his mortgage loan servicer, but that Plaintiff failed to allege facts to show that he suffered any actual damages or that Nationstar has a pattern or practice of noncompliance with RESPA.[4] Plaintiff's claim that Nationstar failed to respond to his Qualified

---

[4] It appears that Plaintiff asserted his RESPA claim against only Nationstar, failing to allege any facts indicating that McCalla violated RESPA in any way. The Magistrate Judge recommended that McCalla's Motion to Dismiss be granted with

Written Request ("QWR") also does not allege actual damages, and the Magistrate Judge further recommends dismissal because the letter that Plaintiff allegedly sent does not qualify as a QWR because it requests information about matters well beyond the mere servicing of Plaintiff's individual loan.  The Court does not find plain error in these findings or recommendations.  See 12 U.S.C. § 2605(f) (liability under RESPA is limited to "actual damages to the borrower" and, "in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.00"); Liggion v. Branch Banking and Trust, No. 1:11-cv-1133-WSD, 2011 WL 3759832 at *3 (N.D. Ga. Aug. 24, 2011) ("Plaintiff's information document requests are not a proper qualified written request under RESPA because they do not relate to the servicing of the loan.").  Plaintiff's RESPA claim against Nationstar is required to be dismissed.

    2.    *Plaintiff's State Law Claims*

Plaintiff's FDCPA and RESPA claims, now dismissed, were the only claims in this action over which the Court had original subject matter jurisdiction.  The Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, which involve only state law causes of action.  The Magistrate Judge determined that concerns of comity, judicial

---

respect to Plaintiff's RESPA claim against it.  This Court does not find plain error in this recommendation.

economy, convenience, and fairness to the parties weigh in favor of remanding the state law claims.  The state court will be able to decide Defendants' motions to dismiss more efficiently and with the benefit of more expertise.  The Court does not find any plain error in these findings or recommendations.  See 28 U.S.C. § 1367(c) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had supplemental jurisdiction[.]"); Ingram v. School Bd. Of Miami-Dade Cnty., 167 F. App'x 107, 108 (11th Cir. 2006) ("State courts, not federal courts, should be the final arbiters of state law."); Murray v. Marks, No. 4:10-cv-126 (CDL), 2012 WL 359702, at *3 (M.D. Ga. Feb. 2, 2012) ("Although dispositive motions are currently pending before the Court, district courts are encouraged to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.'") (quoting Murphy v. City of Aventura, 383 F. App'x 915, 919 (11th Cir. 2010)).  Plaintiff's state law claims are remanded to the Superior Court of Cobb County.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss [3, 9] are **GRANTED IN PART AND DENIED IN PART**.  The Motions to Dismiss are **GRANTED** as to Plaintiff's claims under the FDCPA and RESPA, and those claims are **DISMISSED**.  The Motions to Dismiss are **DENIED** as to Plaintiff's state law claims, and those claims are **REMANDED** to the Superior Court of Cobb County.

**SO ORDERED** this 17th day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE